**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 28 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHENEAH WILLIAMS; MICKIE
KENDALL,

      Plaintiffs-Appellants,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES,

      Defendant-Appellee.

No. 04-6051
(D.C. No. CV-03-1478-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

Mickie Kendall [1] appeals the district court's dismissal of her Fair Labor

Standards Act ("FLSA") claim for overtime compensation. The district court

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [1] On November 1, 2004, counsel for plaintiffs-appellants filed notice with this court that plaintiff-appellant Cheneah Williams had stipulated to the dismissal of her appeal. Thus, only plaintiff-appellant Mickie Kendall remains to proceed on appeal.

dismissed Kendall's claim against the Oklahoma Department of Human Services on Eleventh Amendment immunity grounds. [2] Kendall argues that the State of Oklahoma waived its immunity from suit in federal court by: (1) adopting an administrative rule stating that it was the policy of the Oklahoma Department of Human Services "to comply fully with the provisions of the Federal Fair Labor Standards Act (FLSA), as amended," Okla. Admin. Code § 340:2-1-33(a); (2) passing a general law permitting compensatory time to be given to "nonexempt employees under certain conditions as provided for and in compliance with the Fair Labor Standards Act, 29 U.S.C., Section 201, et seq.," Okla. Stat. tit. 74, § 840-2.15(A); and (3) promulgating additional internal policies and rules that comport with the Fair Labor Standards Act. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291, and **AFFIRM**.

---

[2] Kendall also contends the district court erred by not allowing her to amend her complaint to state a 42 U.S.C. § 1983 claim against individual defendants. However, she did not file a motion to amend, instead relying on commentary in a footnote to the objection to the Defendant's Motion to Dismiss and Supporting Brief. (Appellant's App. at 22.) Our case law is clear that the proper way to invoke the discretion of the court in requesting leave to amend is to file a motion to amend under Rule 15(a) prior to dismissal or a motion under Rule 59(e) or Rule 60(b) after dismissal. See Calderon v. Kansas Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1185-86 (10th Cir. 1999); Glenn v. First Nat'l Bank, 868 F.2d 368, 370-371 (10th Cir. 1989). Kendall asks us to conclude that the district court abused its discretion notwithstanding her own failure to appropriately invoke that discretion in the first place. We decline to do so. See Brannon v. Boatmen's First. Nat. Bank, 153 F.3d 1144, 1150 (10th Cir. 1998).

We review a district court's conclusion of law de novo, Elder v. Holloway, 510 U.S. 510, 516 (1994), and agree that Kendall's suit is barred from federal court by the Eleventh Amendment. See, e.g., Employees of the Dep't of Public Health & Welfare, Mo. v. Dep't of Pub. Health & Welfare, Mo., 411 U.S. 279, 282-85 (1973) (establishing that a state may not, under the Eleventh Amendment, be subject to a private action under the FLSA without its consent). Kendall's various arguments that Oklahoma has waived its immunity from suit in federal court by adopting legislation and administrative rules that comply with the provisions of the Federal Fair Labor Standards Act (FLSA) are not convincing. The issue in this case is not whether Oklahoma has agreed to comply with the FLSA; the issue is whether Oklahoma has agreed that its employees may sue to enforce their FLSA claims in federal court. See id. at 283; Innes v. Kan. State Univ. (In re Innes), 184 F.3d 1275, 1278 (10th Cir. 1999). Because a state may specifically determine the forum in which it may be sued to enforce the FLSA, see Employees of Dep't of Public Health., 411 U.S. at 282-85, the test for determining whether a state has waived its Eleventh Amendment immunity to suit in federal court is stringent. Courts "will find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (internal quotation marks and brackets omitted).

We conclude that the cited language of the statute and regulatory rules neither conveys "by the most express language" nor "by such overwhelming implications from the text" that Oklahoma has waived its immunity to FLSA claims in federal court. Id. The administrative rule requiring the Oklahoma Department of Human Services "to comply fully with the provisions of the Federal Fair Labor Standards Act," Okla. Admin. Code § 340:2-1-33(a), compels the agency to adopt employment policies in accordance with the FLSA, not to permit the state to be sued in federal court to enforce the federal act. The legislation permitting state agencies to grant compensatory time "under certain conditions as provided for and in compliance with the Fair Labor Standards Act," Okla. Stat. tit. 74, § 840-2.15(A), allows agencies flexibility in how they compensate workers. It does not speak to the choice of forum available to employees for challenging the decisions of those agencies. The fact that other internal state policies and rules comport with the FLSA demonstrates that state agencies have interpreted their mandate under state law to comply with the FLSA, not that the state intended that its agencies be subject to suit in federal court. There is thus "room for [another] reasonable construction" in each of the

pronouncements upon which plaintiff relies.    <u>Edelman</u>, 415 U.S. at 673.

       **AFFIRMED.**


                                Entered for the Court


                                Carlos F. Lucero
                                Circuit Judge